1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

16

| | |
|---|---|
| JORDAN EL-TAHEL, together with her marital community, <br><br> Plaintiff, <br><br> vs. <br><br> WHATCOM COUNTY, a government entity, WHATCOM COUNTY SHERIFF'S DEPARTMENT, BILL ELFO, and ADAM MILLER, and marital community. <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br><br> **DEMAND FOR JURY TRIAL** |

17

## JURISDICTION

18

19

1.  This Court has jurisdiction under 28 U.S.C. 1331. Federal question jurisdiction arises pursuant to 42 U.S.C. 1983.

20

## VENUE

21

22

2.  Venue is proper pursuant to 28 U.S.C. 1391. All events or omissions giving rise to these claims occurred in the Western District of Washington.

23

## PARTIES

24

25

3.  Plaintiff Jordan El-Tahel is an individual previously residing in Whatcom County, Washington during all times relevant to this complaint.

26

27

4.  Defendant Adam Miller was employed as a corrections deputy at Whatcom County Sheriff's Office during all times relevant to this complaint.

28

5.  Defendant Whatcom County is a government entity in the State of Washington.

COMPLAINT - 1

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

6.    Defendant Bill Elfo is the elected Sheriff for Whatcom County and oversees Whatcom County Jail staff.

## FACTS

7.  A Whatcom County Corrections Deputy Adam Miller was hired and employed by Whatcom County Sherriff's Office.

8.  Defendant Miller during the course of his employment made sexual advances towards Plaintiff Jordan El-Tahel while she was under Whatcom County's care, custody, and control.

9.  Whatcom County had a duty to protect Plaintiff while she was in its custody.

10. After her release from custody Defendant Miller stalked and sought out Plaintiff at a friend's house where he appeared unannounced attempting to initiate additional sexual advances.

11. Plaintiff returned to custody during the Fall of 2018 under the control of Deputy Miller.

12. Miller had complete control over Plaintiff's every movement, monitoring her by camera then calling to tell her he was watching.

13. Defendant Miller utilized other deputies to get Plaintiff for him in order to create the appearance that none of the deputies were safe for her and all of them were involved and had Miller's back.

14. After Whatcom County Jail was notified of improper conduct by Miller the first time, it failed to conduct a proper investigation and Plaintiff remained under the control of Miller.

15. Miller was taken to areas off camera and sexually assaulted.

16. Miller used the attorney line to place unrecorded phone calls into Plaintiff's cell block to ensure that Plaintiff knew he was watching her.

17. After initial reports of the improper conduct were made, Miller made threats to place Plaintiff in isolation.

COMPLAINT - 2

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

18. Per Whatcom County Policy the Whatcom County Sherriff is responsible for ensuring investigations into sexual misconduct.

19. Defendant's breached their duty to conduct an investigation into sexual misconduct.

20. Defendant's breached their duty to keep Plaintiff safe from sexual misconduct.

21. Defendant's breached their duty to properly train and supervise Miller.

22. Defendant Miller breached his duty by sexually assaulting then then retaliating against the Plaintiff.

## CLAIM I
### (Negligent Investigation)

23. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

24. By doing the acts described above, Defendants Whatcom County and Sherriff Bill Elfo were negligent in their duty to keep Plaintiff safe by failing to conduct a thorough investigation when concerns of improper conduct by Defendant Miller were first raised.

## CLAIM II
### (Violation of Civil Rights: Excessive Punishment)

25. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

26. By doing the acts described above, Defendants caused and/or permitted the violation of Plaintiff's right against excessive punishment guaranteed by the Eight Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM III
### (Assault in the 4th degree with Sexual Motivation)

27. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

28. By doing the acts above, Defendants caused Plaintiff to be victims of assault in the fourth degree with sexual motivation.

COMPLAINT - 3

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

## CLAIM IV
(Sexual Misconduct)

29. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

30. By doing the acts described above, Defendants caused Plaintiff to be victim of sexual misconduct.

## CLAIM V
(Intentional Infliction of Emotional Distress - Outrage)

31. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

32. By doing the acts described above, Defendant committed extreme and outrageous conduct, which was done intentionally or with reckless disregard as to the consequences, and caused Plaintiff severe emotional distress, and actual damages.

## CLAIM VII
(Invasion of Right to Privacy)

33. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

34. By doing the acts above, Defendants acted in ways that would be objectionable to a reasonable person by monitoring her with the jail security cameras for Miller's own prurient interests.

## CLAIM VIII
(Negligent Training)

35. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.
36. By doing the acts above, Defendants failed to provide proper training and/or protocols on handling concerns of sexual misconduct which resulted in damages to Plaintiff.

## CLAIM IX
(Negligent Supervision)

37. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

COMPLAINT - 4

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

38.  By doing the acts above, Defendants failed to supervise Miller which resulted in multiple policy violations and damages to Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter an order granting him the following relief:

a.  For general damages in an amount to be proven at trial;

b.  Lost earnings and lost future earnings;

c.  Emotional distress damages;

d.  Punitive damages under 42 U.S.C. sec. 1988;

e.  Prejudgment interest;

f.  For attorney's fees;

g.  For costs of the suit incurred herein;

h.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

DATED this 21st day of December, 2020.

/s/ Emily C. Beschen
Emily C. Beschen, WSBA#43813
Attorney for Plaintiff

Robert D. Butler, WSBA#22475
Attorney for Plaintiff

COMPLAINT - 5

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225